IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEVERLY KOVARCIK**                      **PLAINTIFF**

**VS.**                      **CAUSE NO.**    4:23CV106-SA-JMV

**BAYOU ACADEMY**                      **DEFENDANT**

## NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1331

**PLEASE TAKE NOTICE** that this Notice of Removal and the exhibits attached hereto have been filed this day in the United States District Court for the Northern District of Mississippi, Aberdeen Division, for and on behalf of Shaw Educational Foundation (wrongfully named and improperly served as Bayou Academy who is appearing specially herein to contest the jurisdiction and causes of action asserted against it). You are hereby served with a copy of this Notice of Removal of said cause to the United States District Court for the Northern District of Mississippi, Aberdeen Division, and you will be mindful of the provisions of 28 U.S.C. § 1441, *et seq*. Please take notice hereof and govern yourselves accordingly. As its short and plain statement of the grounds for removal of this civil action, the Defendant would show unto the Court the following:

I.

Defendant, pursuant to 28 U.S.C. Section 1446, hereby notices removal of this civil action to the United States District Court for the Northern District, Delta Division. This case originally was filed by the Plaintiff in the Circuit Court of Bolivar County, Mississippi, a certain civil action styled, *"Beverly Kovarcik v. Bayou Academy"* bearing Cause No. 2023-0086 on the docket of said court.

II.

The basis of removal is the Plaintiff's assertion of claims which arise under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1441(c)(A). The Plaintiff, in her complaint, alleges that:

> "6. Immediately upon the termination of Mrs. Kovarcik, Mr. Curt McCain hired a 30 year old inexperienced art teacher. Mrs. Kovarcik has first-hand knowledge and has seen with her own eyes the blatant fraternization between Mr. Curt McCain and his young teachers.
>
> 7. This sexist workplace environment is unbelieveable. Mrs. Kovarcik says that it is common knowledge for all the men to call Mr. McClain "Curt" but all the women faculty must call him "MR." See Plaintiff's Complaint, attached herto as Exhibit "A," ¶¶ 6 and 7.

While not stated with particularity, the Plaintiff's claims apparently involve claims that arise from violations of the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) and Title VII of the Civil Rights Act of 1964. The Plaintiff also makes remarks about state court claims of having a contract that was breached and other claims, but it unclear if the Plaintiff is describing the claims as ancillary to the alleged discrimination or as a separate cause of action.

28 U.S.C. § 1441(a) states that "any civil action brought in a State court <u>of which the district courts have original jurisdiction</u>, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Emphasis not in original. There is no dispute that this Court embraces, within its jurisdiction, Bolivar County. Thus, the remaining inquiry is whether the claims alleged give rise to a Federal question which would provide a basis for Federal Court jurisdiction.

The Court would have original jurisdiction over this case. As noted above and as stated elsewhere in the Plaintiff's Complaint, the allegations of the Plaintiff's Complaint assert violations of at least two federal statutes. Likewise, the anticipated defenses are predominantly federal in nature and that the resolution of such questions will necessitate determinations of fundamental

federal rights. To the extent that the Plaintiff has alleged any state law claims, if any, the Defendant would request that the Court assert supplemental jurisdiction over same.

III.

Pursuant to 28 U.S.C. Section 1446(a), all adverse parties and the State Court are being provided with written notice of the filing of this Notice of Removal and a copy is being served this date upon the Clerk of the Circuit Court of Bolivar County, Mississippi.

Respectfully submitted, this the 7th day of June, 2023.

                              **SHAW EDUCATIONAL FOUNDATION, (wrongfully named and improperly served as Bayou Academy), Defendant**

                BY:  */s/ C. Paige Herring*
                              C. Paige Herring, Esq., One of
                              Counsel of Record for said Defendant

**OF COUNSEL:**
C. Paige Herring (MSB #10682)
McAngus Goudelock and Courie, LLC
Post Office Box 2955
Ridgeland, Mississippi 39158
Telephone: (601) 427-7537
Facsimile: (601) 510-9525
paige.herring@mgclaw.com