### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**BEVERLY KOVARCIK**                                                                       **PLAINTIFF**

**VS.**                                                  **CAUSE NO. 4:23-cv-00106-SA-JMV**

**BAYOU ACADEMY**                                                         **DEFENDANT**

### DEFENDANT SHAW EDUCATIONAL FOUNDATION (WRONGFULLY NAMED AND IMPROPERLY SERVED AS BAYOU ACADEMY)'S
### ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW**, the Defendant, Shaw Educational Foundation (wrongfully named and improperly served as Bayou Academy who is appearing specially herein to contest the jurisdiction and causes of action asserted against it), by and through its counsel of record, and files this its *Answer and Defenses* to the *Complaint* filed against it and, in support thereof, would show unto this Honorable Court the following, to-wit:

### FIRST DEFENSE

The Defendant would assert the applicable defenses of Fed. R. Civ. P. 12(b) including, but not limited to, insufficient process, insufficient service of process and failure to state a claim upon which relief can be granted. Defendant would further assert the failure to comply with Miss. R. Civ. P. 11 and Fed R. Civ. P. 11 in that counsel failed to sign the Complaint.

### SECOND DEFENSE

The Defendant is not guilty of any conduct, whether negligent or intentional, which would entitle the Plaintiff to any recovery whatsoever. Plaintiff's claims are barred to the extent Defendant has not violated any legal duty owed to Plaintiff and has committed no tort against Plaintiff nor has the defendant breached any duty, contractual or otherwise, owed to the Plaintiff.

**THIRD DEFENSE**

The Defendant denies each and every material allegation contained in the Plaintiff's *Complaint* by which the Plaintiff seeks to impose liability upon it and asserts that it was not guilty of any act, fault or want of care, was in no way negligent, are in no way liable to the Plaintiff herein.

**FOURTH DEFENSE**

The facts not having been fully developed, Defendant affirmatively pleads the following affirmative defenses as may be applicable in this action: assumption of risk, contributory negligence, estoppel, fraud, illegality, laches, statute of limitations, release, accord and satisfaction, consent, ratification, payment, release, credit, set-off, recoupment, unclean hands, res judicata, collateral estoppel, abstention, diversity jurisdiction, statute of frauds, waiver, damages, venue statutes, arbitration and award, discharge in bankruptcy, duress, failure of consideration, injury by fellow servant, license, advice of counsel, exclusivity under worker's compensation, mitigation of damages and any other matter constituting an avoidance or affirmative defense.

**FIFTH DEFENSE**

The Defendant would show that the Plaintiff's termination was due to her violation of her contract with the Defendant. Exhibit "A" will be filed under seal upon the Court's approval. Defendant would further and affirmatively state that she did not have a contract with the Defendant for the 2022-2023 school year.

**SIXTH DEFENSE**

The Defendant denies that it has violated any law, federal, state, or local, with regard to the employment of the Plaintiff.

## SEVENTH DEFENSE

To the extent applicable, the Defendant would assert that it did not violate the terms of Age Discrimination in Employment Act (29 U.S.C. § 621, et seq., or any other similar laws and/or regulations.

## EIGHTH DEFENSE

To the extent applicable, the Defendant would assert that it did not violate the terms of Title VII of the Civil Rights Act of 1964 or any other similar laws and/or regulations.

## NINTH DEFENSE

Defendant would show that the Plaintiff is not entitled to recover attorney's fees.

## TENTH DEFENSE

The Defendant invokes the limitation provisions of Miss. Code. An. § 11-1-65.

## ELEVENTH DEFENSE

The Plaintiff's damages, if any, were caused in whole or in part by her own action and/or inaction and not due in whole or in part to any action or inaction on the part of the Defendant.

## TWELFTH DEFENSE

Defendant hereby reserves any and all additional procedural and/or substantive defenses available to Defendant at present, or that may be shown by continued investigation and/or discovery, all of which procedural and/or substantive defenses are specifically reserved and not waived by and on behalf of Defendant.

## THIRTEENTH DEFENSE

While denying that the Defendants took any action against Plaintiff for which the Defendant may be liable, the Defendant expressly pleads that each and every action taken by the Defendant with respect to the Plaintiff was taken in good faith and for legitimate reasons.

## FOURTEENTH DEFENSE

Defendant would show that the Plaintiff accepted fees for a summer art program and did not render them to the Defendant. When Plaintiff was terminated and did not teach the program, Defendant had refund payments made by parents for the program. Therefore, the Plaintiff is not entitled to recover funds for the summer art program.

## FIFTEENTH DEFENSE

The Complaint should be dismissed for failing to comply with Miss. R Civ. P. 11 and Fed. R. Civ. P. 11 as opposing counsel has not signed the Complaint and/or failed provided the requisite information as required by said rules.

## RESERVATION OF AFFIRMATIVE DEFENSES

The Defendant, by and through its attorneys, is without knowledge or information sufficient to form a belief at this time as to whether other affirmative defenses apply in this matter. However, contingent on the facts revealed by investigation, the Defendant, by and through its attorneys, expressly reserves its rights to raise any additional affirmative defenses which may be applicable in this matter.

## ANSWER

**AND NOW,** without waiving the above and foregoing defenses, Defendant Shaw Educational Foundation (wrongfully named and improperly served as Bayou Academy), would respond to the *Complaint*, paragraph by paragraph, as follows, to-wit:

## PARTIES

1. Upon information and belief, the Defendant admits the allegations of paragraph number 1 of the *Complaint*.

2. With regard to the allegations of paragraph number 2 of the Complaint, the Defendant Admits that Bayou Academy the name of a private school in Cleveland, Mississippi, but denies that it is a legal entity. Furthermore, Defendant denies each and every remaining allegation contained in paragraph number 2 of the *Complaint* and demands strict proof thereof.

### RELEVANT FACTS

3. With regard to the allegations of paragraph number 3 of the *Complaint,* the Defendant denies that the Plaintiff was wrongfully terminated and denies that she was never given a reason for her termination. Defendant admits that Plaintiff was told about a video of an off-campus incident wherein she utilized a racial slur and that her statements were the reason for her termination. Furthermore, Defendant provided a copy of said video to Ms. Kovarcik's, via her counsel, prior to litigation. Exhibit "A" will be filed under seal upon the Court's approval.

4. The Defendant denies each and every allegation contained in paragraph number 4 of the *Complaint* and demands strict proof thereof.

5. The Defendant denies each and every allegation contained in paragraph number 5 of the *Complaint* and demands strict proof thereof.

6. The Defendant denies each and every allegation contained in paragraph number 6 of the *Complaint* and demand strict proof thereof.

7. The Defendant denies each and every allegation contained in paragraph number 7 of the *Complaint* and demand strict proof thereof.

8. With regard to the allegations of paragraph number 8 of the *Complaint,* the Defendant admits that plaintiff signed a contract, but the contract required approval by the board of the Shaw Educational Foundation. Said contract was not approved by the Board; therefore, it was never agreed to in the manner shown in Exhibit "B," the Plaintiff's last contract which was

in effect at the time of the events referenced in the Plaintiff's Complaint. Defendant further denies the allegations regarding whether she should have been terminated and her allegations regarding Curt McCain's behavior. As for the remaining allegations of the *Complaint*, they are not directed towards the Defendant; thus no response is required. However, if a response is required, then the Defendant would deny each and every remaining allegation and demand strict proof thereof. Exhibit "B" will be filed under seal upon the Court's approval.

9. With regard to the allegations of paragraph number 9 of the *Complaint,* the Defendant admits that a check was sent to her in the amount indicated. Defendant further denies any of the remaining allegations of said complaint.

## COUNT I

## BREACH OF CONTRACT

10. The Defendant denies each and every allegation contained in the second paragraph numbered 9 of the *Complaint* and demand strict proof thereof.

11. The Defendant denies each and every allegation contained in paragraph number 10 of the *Complaint* and demand strict proof thereof.

## COUNT II

## BREACH OF GOOD FAITH AND FAIR DEALING

12. The Defendant denies each and every allegation contained in paragraph number 11 of the *Complaint* and demand strict proof thereof.

13. The Defendant denies each and every allegation contained in paragraph number 12 of the *Complaint* and demand strict proof thereof.

The Defendant denies the allegations contained in the last section entitled "COUNT III" whose sole paragraph begins with the words "WHEREFORE, PREMISES CONSIDERED," and

contains subparts A and B, denying that the Defendant are liable or indebted to the Plaintiff in any amount whatsoever.

**FURTHER,** the Defendant denies all allegations not specifically answered herein and demand that this action be dismissed against them.

**WHEREFORE,** having fully answered the *Complaint* filed in this cause, Defendant Shaw Educational Foundation (wrongfully named and improperly served as Bayou Academy), respectfully requests to be dismissed from this action with prejudice and award Defendant all costs, expenses, attorney's fees and any other relief this Honorable Court deems appropriate and/or necessary.

Respectfully submitted, this the 9th day of June, 2023.

SHAW EDUCATIONAL FOUNDATION**, (wrongfully named and improperly served as Bayou Academy), Defendant**

BY: */s/ C. Paige Herring*
**C. Paige Herring, Esq., One of Counsel of Record for said Defendant**

**OF COUNSEL:**
C. Paige Herring (MSB #10682)
McAngus Goudelock and Courie, LLC
Post Office Box 2955
Ridgeland, Mississippi 39158
Telephone: (601) 427-7537
Facsimile: (601) 510-9525
paige.herring@mgclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing document was electronically filed through the Court's MEC system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This the 9th day of June, 2023.

>*/s/ C. Paige Herring*
>C.PAIGE HERRING