**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BEVERLY KOVARCIK**                                                         **PLAINTIFF**

**VS.**                                                **CAUSE NO. 4:23-cv-00106-SA-JMV**

**BAYOU ACADEMY**                                               **DEFENDANT**

## ORDER ALLOWING EXHIBITS TO BE FILED UNDER SEAL

**CAME THIS DAY,** before this Court on the Amended Joint Motion of the Parties to Submit Exhibits Under Seal, and the Court, after considering the Motion and Memorandum, finds as follows:

The Parties have failed an Amended Joint Motion of the Parties to Submit Exhibits Under Seal and Memorandum Brief in Support [Dkt.11, 12] seeking permission to allow the Defendant to submit two (2) exhibits under seal as part of the Defendant's Answer. The first exhibit sought to be filed under seal is a video lasting 2 minutes and 22 seconds which allegedly contains slurs used by the Plaintiff which the Plaintiff referenced in her compliant and which was admitted by the Defendant to exist. The second exhibit sought to be filed under seal is a copy of the contract that was in effect at the time of the Plaintiff's termination. The parties have sought to seal these documents from public access only, allowing CM/ECF access to the Court and litigant counsel.

The parties argue that the sealing for the statement is necessary to avoid the potential for negative response by organizations and/or members of the public, the negative outcome that it may have on Plaintiff's future employment prospects and/or stigma associated with the disclosure of this video

–1–

As to the contract, the Parties argue that the contract should be sealed to avoid public dissemination of Shaw Educational Foundation's employment terms and conditions as said information is confidential and could cause harm.

The parties contend that, for the purposes of this case, no other procedure will suffice, and they have sought to seal these records for the duration of this litigation.

In considering this claim, the Court is mindful that citizens have a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). The Fifth Circuit recognizes a "working presumption ... that judicial records should not be sealed," *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022), and rule requires "clear and compelling reasons" to seal a document from public view. L.U. Civ. R. 79(b).

Local Uniform Civil Rule 79 provides that any motion to restrict access to a court filing must state (i) why such sealing is necessary; (ii) why another procedure will not suffice, and (iii) the period of time that the party seeks to have the matter maintained under seal. L.U. Civ. R. 79(e)(3)(C) & (E). The motion also must provide references to governing case law, L.U. Civ. R. 79(e)(3)(D), and any statute mandating or permitting the non-disclosure of a class of documents. See L.U. Civ. R. 79(b). "No document may be sealed merely by stipulation of the parties." L.U. Civ. R. 79(d).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d at 417-18. "Litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* However, "judges, not litigants" must undertake a case-by-case,

"document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id.* Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.*

Based upon a review of the pleadings, the arguments of counsel and considering the applicable law, the Court finds as follows:

1) That the parties have accurately described the items to be sealed as a 2:22 video of the Plaintiff in which she makes racial slurs and a contract of employment between Kovarcik and the Shaw Educational Foundation;

2) That the parties seek to only preclude public access from the exhibits that are sought to be sealed. Litigants and/or their counsel should be allowed full access to review the documentation, specifically the video and the contract of employment;

3) That the court finds it compelling that, in the current cultural and political environment, it is necessary to seal the video due to the likelihood of creating discord in the public and potentially the risk of legal or other collateral damage or injury to the parties;

4) That the Court acknowledges that the disclosure of the contract between Kovarcik and the Shaw Educational Foundation includes terms of employment and other business information whose disclosure could result in damage to the Defendant if its terms were publicly disclosed;

5) That the Parties only seek to preclude disclosure for the duration of this litigation.

6) That this motion is well-taken and should be granted.

**IT IS THEREFORE, ORDERED AND ADJUDGED**, that the Defendant shall file an amended answer to the Complaint containing the exhibits referenced herein and that said exhibits shall be sealed, permitting access only to the Court, the litigants and their counsel. The Court orders that the video shall be sealed; however, it will only be sealed with regard to the time-stamped periods 0:50-1:00, 1:05-1:14, and 2:05-2:09. The Court further orders that the contract between Kovarcik and Shaw Educational Foundation will be sealed in its entirety. These documents shall be sealed for the duration of this litigation.

**SO ORDERED,** this the _____ day of _____, 2023

_____
UNITED STATES MAGISTRATE JUDGE

**ORDER PREPARED BY:**

C. Paige Herring (MSB #10682)
McAngus Goudelock and Courie, LLC
Post Office Box 2955
Ridgeland, Mississippi 39158
Telephone: (601) 427-7537
Facsimile: (601) 510-9525
paige.herring@mgclaw.com