IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEVERLY KOVARCIK**                                                            **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 4:23-cv-00106-SA-JMV**

**BAYOU ACADEMY**                                                      **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF
AMENDED JOINT MOTION
<u>TO SUBMIT EXHIBITS UNDER SEAL</u>**

**COMES NOW** Plaintiff Beverly Kovarcik and Defendant Shaw Educational Foundation (wrongfully named and improperly served as Bayou Academy who is appearing specially herein to contest the jurisdiction and causes of action asserted against it), by and through counsel of record and pursuant to the Federal Rules of Civil Procedure and L.U. Civ. R. 79, hereby move the Court for an Order placing certain exhibits that the Defendant wishes to attach to its Answer to Plaintiff's Complaint under seal. In support of said Motion, the Parties show unto this Honorable Court the following:

**BACKGROUND FACTS**

The Plaintiff filed this case. In doing so, she argued that she had never been provided with a reason for her termination. However, she admitted that she was informed about a video which formed the basis for her termination. Furthermore, a copy of that video was provided to opposing counsel long before the introduction of this case. Furthermore, allegations were made regarding a breach of contract; however, the Plaintiff did not provide a copy of that contract with her Complaint.

The Defendant has referenced said exhibits in its Motion and desires to attach said exhibits under seal for reasons discussed further herein.

**STANDARD**

Citizens have a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). The Fifth Circuit recognizes a "working presumption ... that judicial records should not be sealed," *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022), and rule requires "clear and compelling reasons" to seal a document from public view. L.U. Civ. R. 79(b).

Local Uniform Civil Rule 79 provides that any motion to restrict access to a court filing must state (i) why such sealing is necessary; (ii) why another procedure will not suffice, and (iii) the period of time that the party seeks to have the matter maintained under seal. L.U. Civ. R. 79(e)(3)(C) & (E). The motion also must provide references to governing case law, L.U. Civ. R. 79(e)(3)(D), and any statute mandating or permitting the non-disclosure of a class of documents. See L.U. Civ. R. 79(b). "No document may be sealed merely by stipulation of the parties." L.U. Civ. R. 79(d).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d at 417-18. "Litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* However, "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id.* Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no

mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.*

## DISCUSSION OF THE ISSUES

This case involves claims regarding the termination of the Plaintiff from the employment of the Shaw Educational Foundation. In her Compliant, the Plaintiff referenced certain items that are indispensably and indisputably related to the claims made in this litigation. As a result, the parties are moving to seal the following items from public access only with CM/ECF access to be permitted to the Clerk and litigants' counsel.

The first item sought to be filed under seal is a video lasting 2 minutes and 22 seconds. The contents of that video correspond with the allegations of paragraph number 3 of the complaint when Kovarcik states that she was never given a reason for her termination yet she admits that "Mr. Curt McCain mentioned a video of an off-campus incident that occurred where Mrs. Kovarcik used a racial slur." Prior to litigation, said video was provided to Plaintiff's counsel. The reference to the video clearly implies knowledge of its existence and its relevance given the Plaintiff's linking of the video to her discharge. Therefore, in the interest of completeness, the Defendant intends on attaching this exhibit to its answer.

The parties acknowledge that, should the video be made public, the statements contained therein are likely to be inflammatory to the public and/or at least embarrassing to the Plaintiff, the Defendant and potentially affect unknown persons in the Community in a variety of ways. Furthermore, the current societal, legal and political climate such statements could result in the potential for further legal action based upon the position of Kovarcik with the Shaw Educational Foundation. Consequently, the parties desire to avoid the potential for negative response by organizations and/or members of the public, the negative outcome that it may have on Plaintiff's

future employment prospects and/or stigma associated with the disclosure of this video. Accordingly, given its relatively small length of less than three minutes, the parties request that the entire video be sealed. Alternatively, the parties would request that the video (or at least its audio) be sealed at the time-stamped periods from 0:50-1:00, 1:05-1:14, and 2:05-2:09.

Additionally, the Plaintiff, in multiple areas of her Complaint, made claims regarding a contractual agreement with the Defendant, but she did not attach the applicable contract to her Compliant. In responding to the Complaint, the Defendant has asserted defenses related to the contract that was in place at the time that Kovarcik made the above-referenced statements and when she was terminated.

A copy of Kovarcik's contract with Shaw Educational Foundation is desired to be included as at least some of the allegations made by the Plaintiff arise from an alleged breach of that contract. Shaw Educational Foundation would like to attach a copy of the contract to its answer and would like to have it sealed in order to preclude the public transmission of information that is related to the business operations and employment terms of its employees (e.g. - confidential corporate information). Therefore, the Defendant would move to seal the contract in its entirety.

The Court, parties and their counsel should be able to access the sealed documents due to their relevance with this case. However, the Parties would request that the case be sealed from public access only for the duration of the case.

Defendant's Motion satisfies the strictures of Local Uniform Civil Rule 79 because balances the interests in public access with a narrowly-tailored plan to protect the rights of the movants. The Motion provides the Court with the requested level of restriction pursuant to Local Rule 79(e)(3)(B)(1-3); and (ii) the length of time that the documents should be sealed as required

under Local Rule 79(e)(3)(E). It also provides the other requirements of Local Uniform Civil Rule 79.

## CONCLUSION

This is a case is a civil case, not a criminal case. It does not, at least at this point, raise significant issues impacting on the public interest that would necessitate the disclosure of the exhibits sought to be sealed. Thus, the Parties request that the foregoing documents be sealed from public access until the conclusion of this litigation.

**WHEREFORE,** the Parties request that the exhibits referenced in the Defendant's answer be allowed to be submitted under seal for the reasons stated herein and in the Motion in support thereof. The Parties further request any additional relief deemed appropriate and/or necessary.

Respectfully submitted, this the 23rd day of June, 2023.

        **SHAW EDUCATIONAL FOUNDATION, (wrongfully named and improperly served as Bayou Academy), Defendant**

BY: */s/ C. Paige Herring*
     **C. Paige Herring, Esq., One of**
     **Counsel of Record for said Defendant**

        **BEVERLY KOVARCIK, Plaintiff**

     */s/ Kelvin Pulley*
     **Kelvin Pulley, Esq.,**
     **Counsel of Record for said Plaintiff**

–6–

**OF COUNSEL:**
C. Paige Herring (MSB #10682)
McAngus Goudelock and Courie, LLC
Post Office Box 2955
Ridgeland, Mississippi  39158
Telephone:	(601) 427-7537
Facsimile:	(601) 510-9525
paige.herring@mgclaw.com

Kelvin Pulley (MSB # 104106)
The Pulley Law Firm, LLC
104 Cotton Street
Greenwood, Mississippi 38930
Telephone:	(662) 453-6488
Facsimile:	(662) 453-6489
pulleylawfirm@gmail.com