**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BEVERLY KOVARCIK**                                                                       **PLAINTIFF**

**VS.**                                                       **CAUSE NO. 4:23-cv-00106-SA-JMV**

**BAYOU ACADEMY**                                                               **DEFENDANT**

**ORDER GRANTING IN PART AND DENYING IN PART
AMENDED JOINT MOTION TO SUBMIT EXHIBITS UNDER SEAL**

This matter is before this Court on the Amended Joint Motion of the Parties to Submit Exhibits Under Seal [11]. For the reasons discussed hereafter, the motion is granted in part and denied in part without prejudice as directed below:

    **A.**     **The Video and Contract that are the Subject of the Amended Joint Motion to Seal**

The Parties have filed an Amended Joint Motion to Submit Exhibits Under Seal [11] and Memorandum Brief in Support [12] seeking permission to allow the Defendant to submit two (2) exhibits under seal as part of the Defendant's Answer. The first exhibit sought to be filed under seal is a video lasting 2 minutes and 22 seconds which allegedly contains slurs used by the Plaintiff which the Plaintiff referenced in her compliant and which was admitted by the Defendant to exist. The second exhibit sought to be filed under seal is a copy of the contract that was in effect at the time of the Plaintiff's termination. The parties have sought to restrict these documents from public access only under L.U. Civ. R. 79(e)(3)(B)(2), allowing CM/ECF access to the Court and litigants' counsel.

The Parties argue that restricting public access to the video is necessary to avoid the potential for negative response by organizations and/or members of the public, the negative outcome that it may have on Plaintiff's future employment prospects and/or stigma associated

–1–

with the disclosure of this video. The parties acknowledge that, should the video be made public, the statements contained therein are likely to be inflammatory to the public and/or at least embarrassing to the Plaintiff, the Defendant and potentially affect unknown persons in the Community in a variety of ways. Furthermore, such statements could result in the potential for further legal action based upon the position of Kovarcik with the Shaw Educational Foundation.

As to the contract, the Parties argue that the contract should be sealed to avoid public dissemination of Shaw Educational Foundation's employment terms and conditions as said information is confidential and could cause harm.

The Parties contend that, for the purposes of this case, no other procedure will suffice.

### B. Legal Standard and Analysis

In considering this claim, the Court is mindful that citizens have a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). The Fifth Circuit recognizes a "working presumption . . . that judicial records should not be sealed," *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022), and rule requires "clear and compelling reasons" to seal a document from public view. L.U. Civ. R. 79(b).

Local Uniform Civil Rule 79 provides that any motion to restrict access to a court filing must state (i) why such sealing is necessary; (ii) why another procedure will not suffice, and (iii) the period of time that the party seeks to have the matter maintained under seal. L.U. Civ. R. 79(e)(3)(C) & (E). The motion also must provide references to governing case law, L.U. Civ. R. 79(e)(3)(D), and any statute mandating or permitting the non-disclosure of a class of documents. *See* L.U. Civ. R. 79(b). "No document may be sealed merely by stipulation of the parties." L.U. Civ. R. 79(d).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d at 417-18. "Litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* However, "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id.* Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.*

1. **The Video**

With regard to the video, the Court acknowledges that it must be filed conventionally and that sealing portions of the video is not logistically possible. The video must either be sealed or restricted in its entirety or not at all. At least one other district court has found that documents with inflammatory language, such as "threats, racial slurs, calls to action, or other irrelevant and inappropriate language," shall be filed and maintained under seal. *United States v. Moussaoui*, 2002 WL 1990900, at *2 (E.D. Va. Aug. 29, 2002), *modified*, 2002 WL 32001783 (E.D. Va. Sept. 27, 2002).

Here, the Court finds that the interests favoring nondisclosure of the video outweigh the public's common law right of access. The Parties have argued that access to the video must be restricted due to the use of a racial slur, in order to avoid the potential for negative response by organizations and/or members of the public, the negative outcome that it may have on Plaintiff's future employment prospects, and/or stigma associated with the disclosure of this video.

–3–

### 2. The Contract of Employment Between Plaintiff and the Shaw Educational Foundation

This case bears similarity to *Evans v. Evans*, where the United States District Court for the Southern District of Mississippi, applying the same local rules applicable here, recently found that:

> In violation of Local Uniform Civil Rule 79(e)(3), Defendant offers no explanation as to why the entire document must be sealed or why another procedure would not suffice, such as redaction. The Court finds that Defendant's proffered reasons for sealing entire documents are overly broad and lack the specificity required by Local Rule 79. [ECF No. 83] at 2-3.

*Evans v. Evans*, 2023 WL 2776681, at *2 (S.D. Miss. Apr. 4, 2023).

Here, the Parties merely argue that the contract should be sealed "in order to preclude the public transmission of information that is related to the business operations and employment terms of its employees (e.g. - confidential corporate information)." Memo [12] at 4. However, the Court finds the proffered reasons for sealing the contract to be overly broad. Nowhere in the motion or memorandum do the Parties provide the Court with a sufficient explanation as to why redaction of any confidential corporate information contained in the contract would not suffice.

### C. Conclusion

Based upon a review of the pleadings, the arguments of counsel and considering the applicable law, the Court finds as follows:

1) That the Court finds it compelling that it is necessary to restrict access to the video in its entirety due to the likelihood of creating discord in the public and potentially the risk of legal or other collateral damage or injury to the Parties;

2) That the video shall be filed conventionally, and access to the video shall be restricted to litigants' counsel and the Court in accordance with L.U. Civ. R. 79(e)(3)(B)(2); and

3) That while the Parties have argued that disclosure of the contract between Kovarcik and the Shaw Educational Foundation includes terms of employment and other business information whose disclosure could result in damage to the Defendant if its terms were publicly disclosed, the Parties have failed to articulate why redaction would not suffice. Therefore, the joint motion to seal is denied without prejudice as to the Contract, and

**IT IS THEREFORE, ORDERED AND ADJUDGED**, that the amended joint motion to seal [11] shall be and is hereby **GRANTED IN PART AND DENIED IN PART**.[1] Defendant shall file an amended answer to the Complaint, shall conventionally file the video referenced herein, and access to said video shall be restricted, permitting access only to the Court, the litigants, and their counsel. Access to the video shall be restricted until further order of this Court. The Court further orders that the portion of the joint motion requesting that the contract between Kovarcik and Shaw Educational Foundation be sealed in its entirety is hereby **DENIED** without prejudice due to the failure to explain why another procedure, such as redaction, would not suffice. The Defendant may reurge the joint motion to seal with regard to the contract.

**SO ORDERED,** this the 27th day of June, 2023.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1] The original motion to seal [4] shall be terminated as moot.