IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BEVERLY KOVARCIK                                                                              PLAINTIFF

v.                                                                        CIVIL ACTION NO. 4:23-CV-106-SA-JMV

BAYOU ACADEMY                                                                                DEFENDANT

ORDER

On March 29, 2023, Beverly Kovarcik initiated this civil action by filing her Complaint [2] in the Circuit Court of Bolivar County, Mississippi. On June 7, 2023, Bayou Academy[1] removed the action to this Court, asserting that Kovarcik's claims arise under the laws of the United States. *See* [1] at p. 2.

Due to a concern that it lacks subject matter jurisdiction, on July 10, 2023, the Court issued an Order to Show Cause as to Jurisdiction [17], directing the parties to set forth their respective positions on the issue. On July 24, 2023, Bayou Academy timely filed a Response [19], alleging (as it alleged in its Notice of Removal [1]) that the following paragraphs of Kovarcik's Complaint [2] imply that she brings claims under the ADEA and Title VII:

> 6. Immediately upon termination of Mrs. Kovarcik, Mr. Curt McCain hired a 30 year old inexperienced art teacher. Mrs. Kovarcik has first-hand knowledge and has seen with her own eyes the blatant fraternization between Mr. Curt McCain and his young teachers.
>
> 7. This sexist workplace environment is unbelievable. Mrs. Kovarcik says that it is common knowledge for all the men to call Mr. McCain 'Curt' but all the women faculty must call him 'MR.'"

[19] at p. 3.

---

[1] The Defendant contends that it was wrongfully named and improperly served as Bayou Academy and that its correct identifier is Shaw Educational Foundation. The docket still shows Bayou Academy as the named Defendant, as there has been no motion filed to address that issue. To avoid confusion, the Court will refer to the Defendant as Bayou Academy until the party's name is formally changed on the docket.

According to Bayou Academy, these paragraphs indicate that Kovarcik's breach of contract claim is based upon violations of federal law.

Kovarcik did not respond to the Court's Order to Show Cause [17]. Accordingly, the Court issued a second Order [20] directing her to respond and set forth her position as to jurisdiction. The Order [20] additionally directed Kovarcik to provide an explanation as to her failure to respond to the Court's first Order [17]. But again, Kovarcik's deadline to respond has passed, and she has filed no response to the Court's Order [20].

Throughout all phases of the litigation, this Court has an "independent obligation to determine whether subject matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Therefore, even without Kovarcik's response, the Court must determine whether it has jurisdiction to hear this case.

"Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states." *Quinn v. Guerro*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *Arbaugh*, 546 U.S. at 513, 126 S. Ct. 1235). Because both parties here are Mississippi citizens, the existence of federal jurisdiction depends upon whether Kovarcik's claims arise under federal law, thereby implicating federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

"Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Allred v. Bauhaus USA, Inc.*, 243 F. Supp. 2d 583, 585 (N.D. Miss. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318

(1987)). "The plaintiff need not specifically cite a federal provision such as Section 1983, [] but he must allege facts sufficient to establish a colorable issue of federal law." *Quinn*, 863 F.3d at 359 (citing *Caterpillar, Inc.*, 482 U.S. at 391-92, 107 S. Ct. 2425) (internal citation omitted). "'[T]he plaintiff [i]s the master of his claim,' so he may confine his arguments to those arising under state law even if federal claims are available." *Id*. (citing *Caterpillar, Inc.*, 482 U.S. at 392, 107 S. Ct. 2425). "[G]enerally, there is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)). "Further, anticipation of a federal defense is insufficient to establish federal-question jurisdiction." *Quinn*, 863 F.3d at 359 (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008)).

The case of *Cevallos v. Silva*, 541 F. App'x 390 (5th Cir. 2013) (per curiam) is instructive here. In *Cevallos*, the plaintiff's original petition alleged "violation of [his] civil and constitutional rights" and that the individual defendants were "acting under color of law." *Id*. at 393. After the defendants removed the case to federal court, the plaintiff moved for remand on the basis that the defendants removed the case more than 30 days after they were served with the original petition. *Id*. In support of this argument, the plaintiff argued that by pleading the two elements above, his original petition included a cause of action under Section 1983. *Id*. Citing the well-pleaded complaint rule, the Fifth Circuit rejected the plaintiff's argument, finding that "his Original Petition does not allege any specific claim under § 1983 or a violation of the United States Constitution; thus, the allegations in [his original] petition were too ambiguous to establish federal question jurisdiction." *Id*.

In the similar case of *Quinn*, the Fifth Circuit reached the same conclusion. 863 F.3d at 359. There, the plaintiff's original complaint included "vague references to excessive force and

3

the United States Constitution" but "[did] not specifically list any federal causes of action or make any claims under federal law." *Id*. However, the plaintiff argued that the original complaint contained facts that would support federal claims. *Id*. The Fifth Circuit rejected his argument, noting that every claim in the original complaint was a state-law claim and the "only explicit reference to federal law concerned immunities the defendants may claim under the federal constitution or the Eleventh Amendment." *Id*. Citing *Cevallos*, the Fifth Circuit found that "[the plaintiff's] references to excessive force and the City's failure to supervise are similarly too ambiguous to allege a federal question." *Id*.

Here, there are two causes of action listed in the Complaint [2]: breach of contract and breach of good faith and fair dealing. Both arise under state law. Citing the Complaint's [2] paragraphs above, Bayou Academy argues:

> Admittedly, there is no specific statement as to how the individual allegations of paragraph 6[,] 7 and 8 relate to the dismissal of Ms. Kovarcik; however, any failure of draftsmanship in that regard is overwhelmed by the multiple allegations supporting an environment within which Kovarcik appears to have refused to cooperate. Nevertheless, her allegations of a "sexist workplace environment" is synonymous with a hostile work environment. Thus, in trying to give meaning to the factual allegations in light of the claims made within the Complaint, the only implication is that Defendant's actions were motivated by Plaintiff's unwillingness to accede to or engage in activity promoting the workplace environment. The Defendant denies that such an environment exists, but, if one considers them as true, such facts clearly provide a basis for discrimination under Title VII of the Civil Rights Act of 1964.

[19] at p. 5.

In other words, Bayou Academy essentially presents the same argument presented in *Quinn*. That is, because the Complaint [2] includes what are arguably legal buzzwords—"sexist workplace environment"—and alleges facts that could be construed as raising federal claims, the Complaint [2] implicates a federal question. As noted above, in *Quinn*, the Fifth Circuit rejected

that argument and found that the plaintiff's references were "too ambiguous" to allege a federal claim. 863 F.3d at 359. The same reasoning applies here. Kovarcik's Complaint [2] alleges that Bayou Academy breached a contract. She also alleges that her supervisor was sexist and preferred to fraternize with young teachers. She does *not* allege that sexism or ageism caused the breach, nor does she cite federal law in any manner. And crucially, even if Kovarcik believed that sexism and ageism related to the alleged breach, she is "the master of [her] claim, so [she] may confine [her] arguments to those arising under state law even if federal claims are available." *Id.* (citing *Caterpillar, Inc.*, 482 U.S. at 392, 107 S. Ct. 2425).

In conclusion, Kovarcik has confined her arguments to those arising under state law. "[G]enerally, there is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez*, 543 F.3d at 252 (citing *Bernhard*, 523 F.3d at 551).[2] Therefore, the Court finds that it lacks jurisdiction to preside over this matter.

*Conclusion*

For the reasons set forth above, the case is REMANDED to the Circuit Court of Bolivar County, Mississippi. The Clerk of Court is directed to take all steps necessary to complete this remand.

Additionally, the Court declines to allow Kovarcik's failure to comply with two court orders to go unnoticed. Plaintiffs have a duty to respond to court orders and promptly prosecute their cases. *See generally* F. R. Civ. P. 41(b) (court may dismiss case for plaintiff's failure to comply with court orders). Recognizing Plaintiff's counsel's complete failure to comply with a

---

[2] The word "generally" denotes that there is an exception to this rule. Thus, the Court notes that "a case pleading only state law claims may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law'" or where state law is subject to complete preemption. *Bernhard*, 523 F.3d at 551 (citation omitted). Those exceptions do not appear to be applicable here.

5

basic directive from this Court (on two occasions), the Court finds a sanction to be warranted. Therefore, Plaintiff's counsel is hereby ORDERED to complete two continuing legal education ("CLE") courses regarding his duty to the courts. The courses may be found at msbar.fastcle.com under Young Lawyers Division → Duty to the Courts. Plaintiff's counsel is instructed to complete the courses titled "Tips for Avoiding Running Afoul of the Court" and "A View from the Inside: What the Courts Expect of Attorneys." Counsel shall complete the courses within fourteen (14) days of today's date. Counsel is further instructed to send certificates of completion of those two courses to judge_aycock@msnd.uscourts.gov. Should counsel fail to do so, the Court will impose further sanctions, as necessary.

    SO ORDERED, this the 8th day of November, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE